In the Matter of the Application of PETER HORYLEV, Petitioner, against NEW YORK STATE BONUS COMMISSION, Respondent.

Third Department, May 4, 1927.

Bonus — State war bonus — discharge stated that petitioner was " honorably discharged " — petitioner actually discharged as unnaturalized alien in sympathy with Germany — petitioner was not " honorably discharged" within meaning of State Constitution, art. 7, § 13, and Laws of 1924, chap. 19, as amd. by Laws of 1925, chap. 26.

The determination of the New York State Bonus Commission denying the petitioner a bonus under section 13 of article 7 of the State Constitution and chapter 19 of the Laws of 1924, as amended by chapter 26 of the Laws of 1925, on the ground that he was not honorably discharged from the United States army, is confirmed. While the discharge of the petitioner states that he " is hereby honorably discharged from the military service of the United States by reason of Letter H. S. D. No. 5033 D. V. O. for the good of the service as an alien enemy," the words " honorably discharged " are not controlling, and the fact that the letter referred to directed the discharge of all unnaturalized alien enemies who have given indication by word or act that they are in sympathy with Germany, shows that the discharge was granted for that reason. The petitioner was not, therefore, honorably discharged in the view of the War Department or within the meaning of our statute.

CERTIORARI ORDER granted out of the Supreme Court on the 4th day of December, 1925, directed to the New York State Bonus Commission, commanding it to certify and return to the office of the clerk of the county of Albany all and singular its proceedings had in denying the application of petitioner for a soldier's bonus.

*Albert Ottinger, Attorney-General [Patrick H. Clune, Deputy Attorney-General, of counsel], for the respondent.*

VAN KIRK, Acting P. J. Peter Horylev, claiming that he was an honorably discharged soldier, made application to the New York State Bonus Commission for a bonus. (See Const. art. 7, § 13; Laws of 1924, chap. 19; Laws of 1925, chap. 26.) This application was denied on the ground that he was not honorably discharged from the United States army, but was discharged " for the good of

the service as an alien enemy." This is a certiorari to review that determination. (Laws of 1924, chap. 19, § 10.)

Section 5 of the act of 1919, as amended by chapter 26 of the Laws of 1925, so far as material here, provides as follows: " Every person * * * who was enlisted, * * * and who served in active duty in the army * * * of the United States at any time between the sixth day of April, nineteen hundred and seventeen, and the eleventh day of November, nineteen hundred and eighteen, and * * * who was honorably separated or discharged from such service * * *" is entitled to a soldier's bonus. (Id. §§ 1, 6.) The applicant under this act was entitled to a bonus, provided he was honorably discharged.

The applicant enlisted in the United States army in 1915 and was discharged March 23, 1918. During all this period he was a subject of Austria, one of the nations with which the United States was at war in 1917 and 1918. In the discharge of the applicant is the following: " To ALL WHOM IT MAY CONCERN: This is to certify, That Peter Horylev Identification No. 1020136, a Private of Company K of the Third Regiment of Infantry, The United States Army, as a testimonial of honest and faithful service, is hereby HONORABLY DISCHARGED from the military service of the United States by reason of Letter H. S. D. No. 503.3 D. V. O. for the good of the service as an alien enemy." While in his discharge it is recited that he is honorably discharged, there is added this phrase: " by reason of Letter H. S. D. No. 503.3 D. V. O. for the good of the service as an alien enemy." That letter contained the following order: " Discharge, for the good of the service, all unnaturalized alien enemies (nationals of Germany and her allies) who have given indication by word or by act that they are in sympathy with Germany, or that, if opportunity offered, they would probably conduct themselves to the prejudice of the United States." Not every unnaturalized alien enemy was discharged " for the good of the service." The recital in Horylev's discharge meant nothing else than that he had given indication by word or act that he was in sympathy with Germany, or that, if opportunity offered, he would act to the prejudice of the United States.

We conclude, therefore, that the words " honorably discharged " do not control. The discharge is evidently on the form regularly used for an " honorable discharge " of an " enlisted man." The War Department has held that Horylev was not honorably discharged. His discharge was entirely within the authority and control of that department. We think the nature of the discharge is for that department to determine and that the words

" honorably discharged " as used in our statute have the same meaning as when used by the War Department. Also in our view Horylev is not an honorably discharged soldier of the World War and is not entitled to a bonus.

The applicant has not appeared upon this appeal, nor has any brief in his behalf been filed. (See Rules Civ. Prac. rule 237.)

The determination should be confirmed.

HINMAN, McCANN, DAVIS and WHITMYER, JJ., concur.

Determination confirmed, without costs.